UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROSSROADS OUTDOOR LLC,

     Plaintiff,

vs.

GREEN OAK CHARTER
TOWNSHIP, et al.,

     Defendants.

_____/

Civil Action No. 18-CV-11368

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART
## DEFENDANTS' MOTION TO DISMISS

This matter is presently before the Court on defendants' motion to dismiss [docket entry 23]. Plaintiff has filed a response in opposition, and defendants have filed a reply. On March 6, 2019, a hearing was held, and oral argument was heard. For the reasons set forth below, the Court shall grant in part defendants' motion to dismiss.

### *Background*

This case challenges the zoning ordinance of defendant the Green Oak Charter Township (the "Township"), where plaintiff Crossroads Outdoor LLC was denied approval to erect an LED/digital billboard. The ordinance was enacted on February 15, 2006,[1] and it establishes zoning districts in the Township to regulate "land development and land use, and the use and erection of structures on such land." Am. Compl. ¶ 13 and Ex. 4 § 38-3 at I-40. One of the structures that the ordinance regulates, through its chapter on signs and outdoor advertising, is billboards.

_____

[1] The ordinance was adopted pursuant to the Michigan Zoning Enabling Act (Mich. Comp. Laws § 125.3101, et seq.), among other local laws. Am. Compl. Ex. 4 § 38-7 at I-42.

# I.     The Ordinance Amended Through May 2016

A revised version of the ordinance was published with amendments through May 2016. *Id.* Ex. 4. These amendments included new sign ordinance regulations in Article IX, entitled "Signs," that address LED/digital billboards.[2] *Id.* ¶¶ 30-31; *see id.* Ex. 1 § 38-409 at IX-10-11 and Ex. 4 § 38-409(g), (j) at IX-10-12. The stated intent of Article IX is "to protect public safety, health, and welfare; minimize abundance and size of signs to reduce visual clutter, motorist distraction, and loss of visibility; promote public convenience; preserve property values; and enhance the aesthetic appearance and quality of life within the Township."[3] *Id.* Ex. 4 § 38-401 at IX-1.

---

[2] Plaintiff states that the "most current publication of the Ordinance was published with amendments through September 2017, however, said recent publication does not contain any modifications to the language" regulating billboards. Am. Compl. ¶ 38. Unless indicated otherwise, this opinion cites to the version of the ordinance published with amendments through May 2016 because that is the most recent version provided to the Court as Exhibit 4 to the amended complaint. It is also the version that was in effect on August 14, 2017, the date plaintiff applied for a permit to construct an LED/digital billboard within the Township. *Id.* ¶¶ 40-41 and Ex. 5.

[3] The ordinance provides that the regulations and standards within Article IX

> are considered the minimum amount of regulation necessary to achieve a substantial government interest for public safety, traffic safety, aesthetics, protection of property values, and are intended to be content neutral. These objectives are accomplished by establishing the minimum amount of regulations necessary concerning the size, placement, construction, illumination, and other aspects of signs in the Township so as to:
>
> (a) Protect the public right to express and receive messages, especially noncommercial messages such as religious, political, social, philosophical, and other types of information protected by the First Amendment of the U.S. Constitution. Nothing in this Chapter is intended to limit the expression of free speech protected by the First Amendment of the U.S. Constitution.
> (b) Recognize that the principal intent of commercial signs, to meet the purpose of these standards and serve the public interest, should be for identification of an establishment on the premises.

Section 38-1 of the ordinance contains definitions, and it defines a billboard as

a surface whereupon advertising matter is set conspicuously in view and which advertising does not apply to the premises or any use of premises wherein it is displayed or posted (an off-site sign) and is regulated in accordance with regulations governed by the highway advertising act, Public Act No. 106 of 1972 (MCL 252.301 et seq.).

*Id.* Ex. 4 § 38-1 at I-3. Section 38-1 also defines "billboard" and "off-premise sign" within the

definition of "sign" as follows:

4. ***Off-Premise Signs.***

a. ***Billboard***, meaning any surface which contains a message unrelated to premises wherein it is displayed or posted (an off-

---

(c) Recognize that the proliferation of signs is unduly distracting to motorists and non-motorized travelers, reduces the effectiveness of signs directing and warning the public, causes confusion, reduces desired uniform traffic flow, creates potential for accidents, and may result in visual clutter.

(d) Recognize that different areas of the Township require different sign regulations due to factors such as their intended audience (pedestrians, drivers, etc.) and their ability to help promote the character of an area.

(e) Prevent signs that are potentially dangerous to the public due to structural deficiencies or disrepair.

(f) Enable the public to locate goods, services, and facilities without excessive difficulty and confusion by restricting the number and placement of signs.

(g) Prevent placement of signs that will conceal or obscure signs of adjacent uses.

(h) Prevent off-premise signs from conflicting with land uses.

(i) Preserve and improve the appearance of the Township and road corridors through the Township, including the M-36 corridor, by encouraging signs of consistent type and size which are compatible with and complementary to related buildings and uses, and harmonious with their surroundings.

Am. Compl. Ex. 4 § 38-401 at IX-1.

premises sign) and is regulated in accordance with regulations governed by the Highway Advertising Act, Public Act No. 106 of 1972 (MCL 252.301 et seq.). See the definition of "Off Premise Sign." Also known as Outdoor Advertising.

b. ***Off-Premise sign***, meaning any sign that is not related to the use of the property, a product sold, or the sale or lease of the property on which it is displayed, and that does not identify the place of business as purveyor of the merchandise, services, etc., advertised upon the sign. A sign that disseminates information that does not directly relate to the use of the property on which the sign is located. Also known as Outdoor Advertising.

*Id.* Ex. 4 § 38-1 at I-31 (emphasis in original).

Regulations concerning billboards are found in § 38-409 of Article IX. This section specifies certain requirements for billboards in the Township, such as zoning district, sign area, interchange distance, sign height, illumination, construction, maintenance bond, and landscaping. *Id.* Ex. 4 § 38-409 at IX-10-12. Section 38-409 also contains provisions concerning setbacks and the distances between billboards:

(c) ***Setback.*** No billboard shall project over public property. No billboard shall be located closer than twenty-five (25) feet to any property line. No billboard shall be located within one thousand (1,000) feet of any residentially used or zoned property. Billboards shall be set back a minimum of twenty-five (25) feet from any other structure on or off the same premise upon which the billboard is located.

(d) ***Distance from other signs.*** Billboards shall be spaced no closer than one thousand five hundred (1,500) feet from another billboard.

*Id.* Ex. 4 § 38-409 at IX-10 (emphasis in original). Regarding off-premise signs, § 38-402(a)(19) provides that off-premise signs "shall not be permitted . . . except as allowed in this Ordinance." *Id.* Ex. 4 § 38-402 at IX-2.

The ordinance's sign permit requirements appear in § 38-412. *Id.* Ex. 4 § 38-412 at IX-14-17. This section specifies the types of signs that require permits and lays out the

application process. *Id.* Ex. 4 § 38-412 at IX-14-15. For those who are denied a sign permit, § 38-412 has the following subsection on appeals:

> (e) ***Appeals.*** Any party who has been refused a sign permit for a proposed permanent sign may file an appeal with the Zoning Board of Appeals . . . . In determining whether a variance is appropriate, the Zoning Board of Appeals shall study the sign proposal, giving consideration to any extraordinary circumstances, such as those listed below, that would cause practical difficulty in complying with this Article. The presence of any of the circumstances listed may be sufficient to justify granting a variance; however, the Zoning Board of Appeals may decline to grant a variance, even if certain of the circumstances are present:
>
> (1) The allowed signage could not be easily seen by passing motorists due to the configuration of existing buildings, trees, or other obstructions.
>
> (2) The allowed signage could not be seen by passing motorists in sufficient time to permit for safe deceleration and exit. In determining whether such circumstances exist, the Zoning Board of Appeals shall consider the standards established in the Michigan Manual of Uniform Traffic Control Devices[] (MMUTCD) and any more current Federal, State, or credible private research related to signage and traffic safety.
>
> (3) Existing signs on nearby parcels would substantially reduce the visibility or advertising impact of a conforming sign on the subject parcel.
>
> (4) Construction of a conforming sign would require removal or severe alteration to natural features on the parcel, such as, but not limited to, removal of trees, alteration of the natural topography, filling of wetlands, or obstruction of a natural drainage course.
>
> (5) Construction of a conforming sign would obstruct the vision of motorists or otherwise endanger the health or safety of passerby.
>
> (6) Variance from certain sign regulations would be offset by increased building setback, increased landscaping, or other such enhancements, so that the net effect is an improvement in appearance of the parcel, compared to the result that would otherwise be achieved with construction of a conforming sign.

(7) A sign which exceeds the permitted height or area standards of this article would be more appropriate in scale because of the large size or frontage of the parcel or building.

*Id.* Ex. 4 § 38-412 at IX-16-17 (emphasis in original).

Section 38-404 exempts certain non-commercial and public safety signs from the ordinance's sign permit requirements, but it subjects them to specific regulations and standards laid out in that section. *Id.* Ex. 4 § 38-404 at IX-3. The signs exempted in § 38-404 include:

\*\*\*

(2) Public signs of a noncommercial nature and in the interest of, erected by, or in the order of, a public officer or building official in the performance of public duty and/or are required to insure public safety.

\*\*\*

(8) Temporary off-premise and/or on-premise signs for civic or non-profit events and festivals, as approved by the Township board.

*Id.*

As to the validity of the ordinance as a whole, the following severability clause appears in § 38-6:

If any court of competent jurisdiction shall declare invalid the application of any provision of this chapter to a particular land, parcel, lot, district, use, building, or structure, such ruling shall not affect the application of such provision to any other parcel, lot, district, use, building, or structure not specifically included in such ruling.

*Id.* Ex. 4 § 38-6 at I-41.

**II.    Plaintiff's Proposed LED/Digital Billboard**

On August 14, 2017, plaintiff applied for a permit from the Township to construct an LED/digital billboard at 7202 Whitmore Lake Road, a vacant parcel it had leased for this purpose. *Id.* ¶¶ 39-41 and Ex. 5. On August 22, 2017, the Township's Zoning Administrator,

Debra McKenzie, issued a Zoning Compliance Report indicating that plaintiff's proposed billboard parcel "is located within 1,000 feet of residentially used or zoned property." *Id.* ¶¶ 42-43 and Ex. 6. Because this did not comply with the zoning requirement in § 38-409(c) that the billboard be set back at least 1,000 feet from residentially zoned or used property, plaintiff applied for a variance on September 20, 2017. *Id.* ¶¶ 42-45 and Exs. 6-7. On November 21, 2017, defendant the Township's Zoning Board of Appeals ("ZBA") approved the variance by a unanimous vote. *Id.* ¶ 46 and Ex. 8 at 1-3. On December 12, 2017, McKenzie issued a Zoning Compliance Report indicating that with the variance, plaintiff's proposed billboard met all zoning requirements. *Id.* ¶ 48 and Ex. 9.

The following month, however, in a letter dated January 9, 2018, McKenzie rescinded the December 12 Zoning Compliance Report on the grounds that the proposed billboard was approximately 600 feet away from an existing billboard. *Id.* ¶ 50 and Ex. 10. McKenzie informed plaintiff that § 38-409(d) requires billboards to be at least 1,500 feet away from each other and, as a result, plaintiff had to apply for a second variance. *Id.* McKenzie indicated that the ZBA would be reconsidering its prior variance decision as to § 38-409(c) at a special meeting on January 16, 2018. *Id.* In addition, she instructed plaintiff to submit a new application, with its fee waived by the Township, that requested variances as to both § 38-409(c) and (d). *Id.*

On January 16, 2018, the ZBA voted unanimously to rescind the residential setback variance it had previously granted plaintiff. *Id.* ¶ 52 and Ex. 11 at 2. On February 15, 2018, plaintiff filed a new application seeking the two variances referenced above. *Id.* ¶ 54 and Ex. 12. On March 20, 2018, the ZBA denied plaintiff's variance request based on a unanimous vote.[4] *Id.* ¶¶ 56-57 and Ex. 13 at 5-6. Plaintiff asserts that "there is no lawful location within the

_____

[4] The ZBA explained this denial as follows:

[Township's] geographically designated permissible zone(s) [for the construction and operation of LED/digital billboards] where a compliant LED/digital billboard may be constructed." *Id.* ¶ 62.

---

The vacant limited industrial property is of sufficient size for industrial development. There is nothing inherent to the property that would prevent the applicant from developing the property as others have in the industrial district. Other properties in the district are developed for industrial uses.

There are numerous uses that could be made under 34-135(10). The fact that a billboard could be physically located on the property does not deprive the property owner of the right to develop the land as permitted.

The granting of the variance would be detrimental to the public welfare and injurious to other properties in the area. The setbacks were established to protect residential uses. The billboard would not be consistent with the Master Plan due to the impact it may have on future planned residential development.

The setback is intended to protect residential property from the nuisance associated with light pollution from digital billboards. The residential parcel is Master Planned for residential use – Suburban Density Residential – which could yield 17 future single-family homes.

The condition or intended use is of a general or recurrent nature. After study, the ordinance was adopted limiting billboards to the LI - Light Industrial and GI - General Industrial Districts abutting the right of way between Whitmore Lake Road and Lemon Road or US-23. This location does not meet this requirement. There are areas within the restrictions where new billboards could be erected in full compliance.

The practical difficulty is self-created to the extent the property owner is just trying to receive an additional economic return on a vacant parcel of land that could be developed in full compliance with the requirements of the LI - Light Industrial District. Likewise, the applicant could enter into a lease elsewhere in the Township that would meet all requirements of the Zoning Ordinance for erection of the desired billboard.

Am. Compl. Ex. 13 at 6.

In May 2018, plaintiff filed this action against the Township and the ZBA,[5] asserting five counts: (1) violation of plaintiff's right to free speech under the First and Fourteenth Amendments, *id.* ¶¶ 72-87, (2) violation of plaintiff's substantive and procedural due process rights under the Fifth and Fourteenth Amendments, *id.* ¶¶ 88-98, (3) violation of plaintiff's equal protection rights under the Fourteenth Amendment and the Michigan Constitution, *id.* ¶¶ 99-108, (4) violation of the Michigan Zoning Enabling Act (Mich. Comp. Laws § 125.3101, et seq.), *id.* ¶¶ 109-12, and (5) an appeal of the ZBA's decision. *Id.* ¶¶ 113-16. In Count I, plaintiff asserts that its inability to erect the proposed billboard caused it to suffer monetary loss, including lost revenue. *Id.* ¶ 86. It appears that Counts I-IV are asserted against the Township, whereas Count V is asserted against the ZBA.

As for the requested relief, in Counts I-III, plaintiff seeks injunctive and declaratory relief, damages, attorney fees, costs, and interest. *Id.* at 24-25, 27. In Count IV, plaintiff seeks an order requiring the Township to immediately approve its permit application. *Id.* at 27. In Count V, plaintiff seeks an order reversing the ZBA's decision and requiring it to grant plaintiff the requested variances. *Id.* at 28.

In November 2018, defendants filed the instant motion to dismiss plaintiff's amended complaint. Defendants argue that Counts I-III (the federal claims) should be dismissed for various reasons under Fed. R. Civ. P. 12[6] and that the Court should therefore dismiss Counts IV and V (the state law claims) for lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

---

[5] Plaintiff filed an amended complaint in June 2018 to correct a filing error; no substantive changes were made to the complaint.

[6] Defendants seek dismissal of Count I under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and of Counts II and III under Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and 12(c) (judgment on the pleadings). Defs.' Mot. ¶¶ 10, 13, 16.

Defs.' Mot. ¶¶ 10, 13, 16, 18. At the hearing in March 2019, plaintiff's counsel agreed to dismiss the equal protection claim in Count III but indicated that plaintiff continues to oppose dismissal of the other counts. Having reviewed the parties' briefs and the applicable law, the Court shall grant defendants' motion in part.

### *Legal Standards*

Under Fed. R. Civ. P. 12(b)(1), the Court may dismiss a complaint for lack of subject-matter jurisdiction. "[M]otions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Defendants state that their motion presents a factual attack. Defs.' Br. at 9. "A factual attack . . . raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist.'" *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)) (alteration added). Thus, a factual attack

> is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Ritchie*, 15 F.3d at 598.

In considering a Rule 12(b)(1) motion, the Court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Leach v. Manning*, 105 F. Supp. 2d 707, 711 (E.D. Mich. 2000) (quoting *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *see also Morrison v. Circuit City Stores, Inc.*, 70 F. Supp. 2d 815, 819 (S.D. Ohio 1999) ("[A] a court may consider any evidence properly before it when a defendant

factually attacks subject matter jurisdiction under Rule 12(b)(1).").  Moreover, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Leach*, 105 F. Supp. 2d at 711 (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.*  "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  A motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017).

*Discussion*

Defendants move to dismiss Counts I-V of the amended complaint.  As mentioned above, plaintiff has agreed to dismiss the equal protection claim in Count III.  The remaining counts are discussed below.

## I.    Count I – First and Fourteenth Amendment Claims

In Count I, plaintiff alleges that the Township violated its constitutional right to free speech by denying it a permit.  Am. Compl. ¶¶ 85, 87.  Plaintiff claims that the Township,

through its sign regulations, established a "hierarchy of speech" and is improperly regulating signs with provisions that are "100% based on content." *Id.* ¶¶ 73-74, 79-80. In addition, plaintiff claims that the Township's variance procedure, which establishes certain requirements for government approval "before engaging in expression," is a prior restraint. *Id.* ¶¶ 81, 82(b).

Defendants argue that Count I should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because plaintiff does not have standing. Because plaintiff challenges the entire sign ordinance,[7] it has standing as to some of its claims and Count I shall be dismissed in part.

To have constitutional standing,

> a plaintiff [must] show that he has (i) suffered an injury, (ii) that is fairly traceable to the defendant's allegedly unlawful conduct, and (iii) that is likely to be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A plaintiff challenging a law or policy under the First Amendment must meet these standing requirements. *Midwest Media Prop., LLC v. Symmes Twp., Ohio*, 503 F.3d 456, 464 (6th Cir. 2007).

---

[7] The parties disagree as to the specific sign ordinance provisions plaintiff is challenging in Count I. Defendants argue that plaintiff is not challenging the billboard provisions on setbacks and distances between billboards (§ 38-409(c) and (d)), which formed the basis of plaintiff's variance denial by the ZBA. Defs.' Br. at 11. But in its response brief, plaintiff asserts that "the Complaint is clear that Plaintiff attacks *all* regulations applicable to off-premise signs/billboards." Pl.'s Br. at 12 (emphasis in original). Plaintiff states that it is challenging three aspects of the ordinance in particular: (1) the regulations on billboards and off-premise signs in §§ 38-1, 38-402(a)(19), and 38-409; (2) the permit exemptions for certain non-commercial and public safety signs in § 38-404(a)(2) and (a)(8); and (3) the variance procedure in § 38-412(e). *Id.* at 11. Although not entirely clear, the language of the amended complaint appears to indicate that plaintiff is challenging the entire sign ordinance, including § 38-409(c) and (d). In the amended complaint, plaintiff takes issue with the Township's "recently updated Sign Ordinance," the "permitting process and zoning ordinance requirements," and the "'billboard' restrictions." Am. Compl. ¶¶ 77-78, 80. Plaintiff references particular ordinance provisions, but these references are preceded by "[f]or example" or "[*e*].*g*.," *id.* ¶¶ 79-80, which indicates that plaintiff cited to them to illustrate its claims, not to exclude those provisions that remained unmentioned or to create a distinction between them.

*Coleman v. Ann Arbor Transp. Auth.*, 947 F. Supp. 2d 777, 790 (E.D. Mich. 2013) (alteration added). "Each requirement is 'an indispensable part of the plaintiff's case' and 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof.'" *Midwest Media Prop., L.L.C.*, 503 F.3d at 461 (quoting *Lujan*, 504 U.S. at 561).

### a. Regulations on Billboards and Off-Premise Signs (§§ 38-1, 38-402(a)(19), 38-409), and on Permit Exemptions (§ 38-404(a)(2) and (a)(8))

Defendants argue that plaintiff lacks standing to challenge the regulations on billboards and off-premise signs (§§ 38-1, 38-402(a)(19), and 38-409), and on permit exemptions for certain non-commercial and public safety signs (§ 38-404(a)(2) and (a)(8)), because plaintiff fails to state an "injury in fact" with respect to these provisions. Defs.' Br. at 10-16.

"To have standing, the plaintiff must have suffered 'injury in fact' – a 'concrete and particularized' or 'actual or imminent' injury." *Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Sup. Ct.*, 769 F.3d 447, 451 (6th Cir. 2014) (quoting *Lujan*, 504 U.S. at 560). "[A] plaintiff bringing a constitutional challenge against independent provisions of a government enactment must show standing with regards to each provision that is challenged." *Coleman*, 947 F. Supp. 2d at 790 (citing *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 350 (6th Cir. 2007), and *Covenant Media of SC, LLC v. City of N. Charleston*, 493 F.3d 421, 429-30 (4th Cir. 2007)). In other words, "[p]laintiffs may challenge the ordinance provisions that have resulted in some concrete injury in fact." *Marras v. City of Livonia*, 575 F. Supp. 2d 807, 814 (E.D. Mich. 2008).

In another billboard case, *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 351 (6th Cir. 2007), the Sixth Circuit held that "[t]he critical inquiry [for constitutional standing] is whether the plaintiff can allege an injury arising from the specific rule being challenged, rather than an entirely separate rule that happens to appear in the same section of the municipal code."

In that case, plaintiff's "actual injury . . . was the rejection of its six proposed billboards for failure to meet, among other requirements, the size and height requirements of [the defendant's] sign ordinance." *Id.* at 348. The Sixth Circuit determined that plaintiff's

> standing with regard to the size and height requirements does not magically carry over to allow it to litigate other independent provisions of the ordinance without a separate showing of an actual injury under those provisions. . . . Thus, . . . [the plaintiff] must separately establish an injury in fact under the numerous other provisions that it seeks to challenge.[8]

*Id.* at 350-51.

Plaintiff argues that it was injured by the regulations on billboards and off-premise signs in §§ 38-1, 38-402(a)(19), and 38-409 because "they led directly to the denial of its [permit] application." Pl.'s Br. at 12. Plaintiff claims that the billboard and off-premise sign regulations "only apply to [its] proposed sign *because of* its content." *Id.* (emphasis in original). Plaintiff contends that the "'billboard-only' setback and spacing regulations which caused [its] application to be denied are thus a direct by-product of the Township's challenged content-based regulatory system." *Id.*

As to the regulations providing permit exemptions to the types of signs in § 38-404(a)(2) and (a)(8), plaintiff argues that it was injured because it "routinely displays off-premise signs bearing non-commercial content that is in the public interest and promotes civic non-profit events and festivals and . . . would like to display such signs in the Township." *Id.* at 17. Plaintiff

---

[8] The Sixth Circuit's analysis in *Prime Media* applies the injury in fact requirement to overbreadth claims under the First Amendment. In the present case, defendants argue that plaintiff lacks standing to assert an overbreadth challenge to the extent that it intended to assert one in paragraphs 78 and 80 of the amended complaint. Defs.' Br. at 19-20. Plaintiff does not address this argument in its response. Even if plaintiff did assert an overbreadth claim, the standard set forth in *Prime Media* applies to this case because "[t]he *Prime Media* court . . . requir[es] plaintiffs to 'establish injury in fact as to each provision challenged, even under the overbreadth doctrine.'" *Marras v. City of Livonia*, 575 F. Supp. 2d 807, 814 (E.D. Mich. 2008) (quoting *Prime Media*, 485 F.3d at 350).

cites to the affidavit of its member, Charles McLravy, who avers that plaintiff's signs "regularly" display non-commercial advertisements, along with commercial advertisements, and that advertisers sometimes pay plaintiff to display these non-commercial messages, but "more often than not [plaintiff's] owners cho[o]se to post noncommercial messages on their signs to promote causes and organizations they support." Pl.'s Ex. A ¶¶ 5-6. McLravy also indicates that plaintiff "often uses" its signs to display public safety and informational messages, such as Amber Alerts, weather alerts, election results, and advertisements for community events. *Id.* ¶¶ 7-10.

Plaintiff has only alleged an injury in fact – i.e., one that is "'concrete and particularized' or 'actual or imminent'" – arising from § 38-409(c) and (d), the billboard regulations for which it was denied variances by the ZBA. *Platt*, 769 F.3d at 451; *see Prime Media, Inc.*, 485 F.3d at 351. Plaintiff asserts that because of this denial, it was unable to erect its proposed billboard and suffered monetary loss, including lost revenue. Am. Compl. ¶ 86. But plaintiff does not allege an injury in fact arising from any of the other provisions it challenges. Plaintiff does not allege an injury arising from the provision that defines "billboard" and "off-premise sign" (§ 38-1), from the provision that prohibits off-premise signs except as allowed in the ordinance (§ 38-402(a)(19)), and from the provision that regulates billboards (§ 38-409) excluding subsections (c) and (d).

Nor does plaintiff allege an injury arising from the permit exemption provisions in § 38-404(a)(2) and (a)(8). Plaintiff does not demonstrate how subsection (a)(2) affects it. This provision grants a permit exemption to "[p]ublic signs of a noncommercial nature and in the interest of, erected by, or in the order of, a public officer or building official in the performance of public duty and/or are required to insure public safety." In its response, plaintiff does not indicate whether its proposed billboard was somehow tied to "a public officer or building official"

performing a public duty in the Township.[9]  And while plaintiff indicates that some of its displays are non-commercial messages, political advertising, and messages with public service information (messages tied to churches, community groups, and civic organizations), *id.* ¶¶ 9-10, plaintiff makes no assertion that the messages it actually intends to display in the Township are all of the type identified in subsection (a)(2).  Thus, there is no showing of actual harm.

Likewise, plaintiff does not allege the specific facts necessary to demonstrate how it was harmed by subsection (a)(8), which gives a permit exemption to "[t]emporary off-premise and/or on-premise signs for civic or non-profit events and festivals, as approved by the Township board."  Plaintiff's statement that it "displays off-premise signs bearing noncommercial content that is in the public interest and promotes civic non-profit events and festivals" appears to overlap with subsection (a)(8).  But plaintiff's assertion that it does so "routinely" and "would like to display such signs in the Township," Pl.'s Br. at 17, and McLravy's statement that plaintiff displays non-commercial signs "regularly" and informational messages "often," Pl.'s Ex. A ¶¶ 5, 9, are factually insufficient to show actual injury from the permit exemption provisions, and therefore, to demonstrate standing.  Because plaintiff does not allege injuries that are "palpable and distinct," its statements are "insufficient to establish an injury in fact."[10]  *Prime Media, Inc.*, 485 F.3d at 352 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

_____

[9] At the ZBA's March 20, 2018, hearing on plaintiff's request for two variances, Tony Lockridge, speaking on behalf of plaintiff, explained that plaintiff "develop[s] across the U.S. providing access for community messages making sure there are Amber Alerts, Silver Alerts, or if the Police had messages to get out.  It's been a great partnership.  They have the same situation here that they are excited to do."  Am. Compl. Ex. 13 at 1.  Yet plaintiff fails to mention this testimony in its response brief and does not indicate whether the "partnership" Lockridge references exists with the Township.

[10] Defendants also argue that even if plaintiff had shown that it suffered an injury in fact related to the permit exemptions in § 38-404(a)(2) and (a)(8), plaintiff lacks standing to challenge these regulations because this injury is not redressable, as "the unchallenged content-neutral

Moreover, as defendants point out, plaintiff cannot allege injury from subsection (a)(8) because plaintiff's proposed billboard was not a temporary sign. Defs.' Reply at 1-2. The ordinance defines a "temporary sign" as one "which is used only temporarily and advertises a private or public seasonal or special event, function, or sale. Temporary signs are not permanently mounted. Temporary signs shall include balloon, banner, construction, political, portable, and real estate signs." Am. Compl. Ex. 4 § 38-1 at I-36. Plaintiff's proposed billboard was to be permanently installed and was therefore not a temporary sign. *See id.* Exs. 5-7, 9, 12. That plaintiff filed an appeal as provided by § 38-412(e) and is now challenging this provision also supports the conclusion that plaintiff's proposed billboard was not a temporary sign. Under § 38-412(e) the option of filing an appeal with the ZBA is available to "[a]ny party who has been refused a sign permit for a proposed **permanent** sign." *Id.* Ex. 4 § 38-412(e) at IX-16 (emphasis added).

In sum, with respect to the regulations on billboards and off-premise signs (§§ 38-1, 38-402(a)(19), and 38-409), and on permit exemptions (§ 38-404(a)(2) and (a)(8)), plaintiff only has standing to challenge the billboard setback and distance provisions in § 38-409(c) and (d) because those are the provisions for which plaintiff has asserted an injury in fact. Plaintiff has not shown that it has suffered a concrete or actual injury arising from the other regulations, and it therefore lacks standing to challenge them. As a result, the Court shall deny defendants' motion as to Count I insofar as this claim is based on § 38-409(c) and (d). To the extent this claim is based on any other ordinance provisions, the motion is granted.

---

setback and spacing requirements [in § 38-409(c) and (d)] are severable from those exemptions." Defs.' Br. at 14. The Court finds that there is no need to analyze defendants' redressability argument as to these provisions because plaintiff has not made the required showing of an injury arising from them, as noted above. Without this showing of an actual injury, plaintiff lacks standing to challenge the permit exemptions in § 38-404(a)(2) and (a)(8), regardless of the outcome of a redressability analysis.

b. _Variance Procedure Provision (§ 38-412(e))_

Plaintiff alleges that § 38-412(e), the variance procedure provision, violates the First Amendment because it imposes a prior restraint. "A 'prior restraint' exists when speech is conditioned upon the prior approval of public officials." _King Enters., Inc. v. Thomas Twp._, 215 F. Supp. 2d 891, 914 (E.D. Mich. 2002) (quoting _Nightclubs, Inc. v. City of Paducah_, 202 F.3d 884, 889 (6th Cir. 2000)). "Although prior restraints 'come to the court bearing a heavy presumption against their validity,' they are not unconstitutional _per se_." _Id._ (emphasis in original). Defendants argue that plaintiff lacks standing to challenge the variance procedure provision because the harm it caused is not redressable given that "the setback and spacing requirements are . . . independent of, and severable from, the variance procedures." Defs.' Br. at 16-19.

To meet the redressability requirement for constitutional standing, the plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision" by the court. _Int'l Outdoor, Inc. v. City of Southgate_, 556 F. App'x 416, 418-19 (6th Cir. 2014) (quoting _Lujan_, 504 U.S. at 561).

"Severability of a local ordinance is a question of state law . . . ." _Midwest Media Prop., L.L.C._, 503 F.3d at 464 (quoting _City of Lakewood v. Plain Dealer Publ'g Co._, 486 U.S. 750, 772 (1988)) (alteration in original). "The Michigan Supreme Court 'has long recognized that '[i]t is the law of this State that if invalid or unconstitutional language can be deleted from an ordinance and still leave it complete and operative then such remainder of the ordinance be permitted to stand.''" _Int'l Outdoor, Inc. v. City of Troy_, No. 17-10335, 2019 WL 265230, at *4 (E.D. Mich. Jan. 18, 2019) (quoting _In re Request for Advisory Op. Regarding Constitutionality of 2011 PA 38_, 806 N.W.2d 683, 713 (Mich. 2011)). "The court considers 'first, whether the

Legislature expressed that the provisions at issue were not to be severed from the remainder of the act. . . .'" *Id.* (quoting *Blank v. Dep't of Corr.*, 611 N.W.2d 530, 540 (Mich. 2000)).

In the present case, the ordinance's severability clause in § 38-6 evidences that the Township expressly provided for the severability of any unconstitutional provisions. As a result, the variance procedure provision in § 38-412(e) is severable from the ordinance. This means that "[t]he remaining provisions of the Sign Ordinance – such as [the billboard setback and distance requirements] – stand independently from the [variance procedure provision]." *Id.* (alterations added). But because plaintiff is challenging all of the sign regulations, including the billboard setback and distance requirements in § 38-409(c) and (d), any injury suffered by plaintiff as a result of the variance procedure provision is redressable because "[p]laintiff's injury would be redressed if the [Sign] Ordinance was struck down." *See Int'l Outdoor, Inc. v. City of Troy*, No. 17-10335, 2017 WL 2831702, at *2 (E.D. Mich. June 30, 2017) (finding a redressable injury where the plaintiff challenged the entire ordinance, as opposed to specific provisions of the township's sign regulations). Thus, defendants' argument regarding standing/redressability as to the variance procedure provision fails.

In sum, plaintiff has standing to challenge the billboard setback and distance requirements in § 38-409(c) and (d) because it has asserted an injury in fact stemming from these provisions. Plaintiff also has standing to challenge the variance procedure provision in § 38-412(e) because the injury from this provision is redressable. Defendants' motion to dismiss is therefore denied as to the claims regarding these provisions in Count I.

## II. Count II – Fifth and Fourteenth Amendment Claims

Plaintiff alleges in Count II that the Township, through the ordinance, has (1) denied plaintiff substantive due process "[t]o the extent the Ordinance provides a variance

mechanism that vests solely in the unbridled discretion of the members of the ZBA," and (2) denied plaintiff substantive and procedural due process to the extent the ordinance "fails to compel the members of the ZBA to rule specifically on each request for variance" because "the mechanism employed is meaningless without articulable standards that Plaintiff might contest in a court of law." Am. Compl. ¶¶ 97-98.

Defendants argue that Count II should be dismissed under Fed. R. Civ. P. 12(b)(6) and 12(c) because plaintiff fails to establish that it has a protected property interest, which it must do to assert a substantive or procedural due process claim. Defs.' Br. at 20-22. According to defendants, plaintiff does not have a protected property interest because "the ZBA's authority is discretionary," and therefore "Plaintiff had no right to approval of its variances, nor any justifiable expectation in their approval." *Id.* at 21. The Court agrees and finds that dismissal of Count II is appropriate.

"The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States," from depriving any person of "life, liberty, or property without due process of law." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017). "The Due Process Clause 'clothes individuals with the right to both substantive and procedural due process.'" *Parrino*, 869 F.3d at 397 (6th Cir. 2017) (quoting *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002)). Claims of substantive and procedural due process both require a plaintiff to establish that it has a constitutionally protected interest.[11] *Braun v. Ann Arbor Charter Twp.*, 519

---

[11] "To state a substantive due process claim in the context of zoning regulations, a plaintiff must establish that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008) (quoting *Tri-Corp Mgmt.*

F.3d 564, 573 (6th Cir. 2008); *Bauss v. Plymouth Twp.*, 408 F. Supp. 2d 363, 367 (E.D. Mich. 2005), *aff'd*, 233 F. App'x 490 (6th Cir. 2007).

In this case, the question is whether plaintiff has a property interest protected by the Due Process Clause. "Property rights are created and defined by independent sources such as state law and not by the Constitution." *Braun*, 519 F.3d at 573 (citing *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002)). "The Sixth Circuit has held that in order for a protected property interest to exist, there must be present a policy, law, or mutually explicit understanding that both confers a benefit and limits the discretion of the city to rescind the benefit." *Bauss*, 408 F. Supp. 2d at 367. As a result, "a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." *Id.* (quoting *Med Corp. Inc. v. City of Lima*, 296 F.3d 404, 410 (6th Cir. 2002)). "[T]o have a property interest in a benefit, a [plaintiff] must have more than a desire for it or unilateral expectation of it; rather, [it] must have a 'legitimate claim of entitlement to it,'" such as "a legitimate claim or an entitlement to a . . . variance . . . ." *Braun*, 519 F.3d at 573 (quoting *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 435 (6th Cir. 2005)) (alterations added).

As cited above, § 38-412(e) of the ordinance provides that

> [i]n determining whether a variance is appropriate, the Zoning Board of Appeals shall study the sign proposal, giving consideration to any

_____

*Co. v. Praznik*, 33 F. App'x 742, 747 (6th Cir. 2002)). To state a procedural due process claim, a plaintiff must establish

> (1) that he has a life, liberty, or property interest protected by the due process clause of the 14th Amendment; (2) that he was deprived of this protected interest within the meaning of the due process clause; and, (3) that the state did not afford him adequate procedural rights prior to depriving him of his protected interest.

*Bauss v. Plymouth Twp.*, 408 F. Supp. 2d 363, 367 (E.D. Mich. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999)), *aff'd*, 233 F. App'x 490 (6th Cir. 2007).

> extraordinary circumstances, such as those listed below, that would cause practical difficulty in complying with this Article.  The presence of any of the circumstances listed **may** be sufficient to justify granting a variance; however, the Zoning Board of Appeals **may** decline to grant a variance, even if certain of the circumstances are present . . . .

Am. Compl. Ex. 4 § 38-412(e) at IX-16 (emphasis added).

The word "may" in § 38-412(e) is important.  In a different section entitled "Rules applying to text," the ordinance indicates that "[t]he term 'may' is permissive."  *Id.* Ex. 4 § 38-5 at I-41.  In contrast, "[t]he term 'shall' is always mandatory and not discretionary."  *Id.*  In *Triomphe Inv'rs v. City of Northwood*, 49 F.3d 198, 203 (6th Cir. 1995), the Sixth Circuit agreed with the district court's conclusion that "the use of the word 'may' provides sufficient discretion to undercut any argument that the language of the zoning regulations vested in [the plaintiff] an entitlement to the special use permit" that the plaintiff in that case had applied for.  Thus, the use of the word "may" in § 38-412(e) indicates that the ZBA's decision to grant a variance is wholly discretionary and that the language of this regulation did not vest in plaintiff an entitlement to the variances it sought.

In *Triomphe Inv'rs*, 49 F.3d at 202-03, the Sixth Circuit also referenced its prior holding in *Silver v. Franklin Twp. Bd. of Zoning App.*, 966 F.2d 1031, 1036 (6th Cir. 1992), that "if the board of zoning appeals has discretion to deny the plaintiff a conditional zoning certificate, even if he complied with the 'minimum, mandatory requirements,' the plaintiff would have had neither a ''legitimate claim of entitlement' [n]or a 'justifiable expectation' in the approval of his plan.'"  The court relied on *Silver* in determining that the plaintiff in *Triomphe* "had no justifiable expectation that its plan would be approved because the board had discretion to deny a special use permit despite [the plaintiff's] compliance with the minimum requirements."  Like the zoning boards in *Triomphe* and *Silver*, the ZBA in the present case has broad discretion to deny variances

within the Township's appeal process "even if certain of the circumstances [listed in § 38-412(e)] are present." Am. Compl. Ex. 4 § 38-412(e) at IX-16. Because of this broad discretion, plaintiff has "neither a ''legitimate claim of entitlement' [n]or a 'justifiable expectation' in the approval of [the variances].'" *Triomphe Inv'rs*, 49 F.3d at 202-03.

In its response brief, plaintiff does not demonstrate that it has a protected property interest. It also does not point to "a policy, law, or mutually explicit understanding that both confers a benefit and limits the discretion of the city to rescind the benefit." *Bauss*, 408 F. Supp. 2d at 367. In fact, plaintiff makes no argument regarding its due process claims in its response brief. Given that the ZBA had full discretion to decide whether to grant plaintiff the variances it sought, plaintiff merely had a "desire" or "unilateral expectation" for a favorable ZBA decision; plaintiff could not have had a "legitimate claim of entitlement to it." *Braun*, 519 F.3d at 573 (quoting *R.S.W.W., Inc.*, 397 F.3d at 435). "As Judge Easterbrook of the Seventh Circuit Court of Appeals noted in a case involving property owners seeking a zoning variance, '[w]ithout a legitimate claim of entitlement there is no property.'" *Bauss*, 408 F. Supp. 2d at 368 (quoting *River Park, Inc. v. City of Highland Park*, 23 F.3d 164 (7th Cir. 1994)). Therefore, plaintiff does not have a protected property interest that could support its substantive and procedural due process claims in Count II.

In sum, plaintiff's substantive and procedural due process claims fail because plaintiff has no constitutionally protected property right since § 38-412(e) gives the ZBA complete discretion to grant or deny variances. Accordingly, the Court dismisses Count II.

## III. Counts IV and V – Violation of the Michigan Zoning Enabling Act by the Township and Appeal of the ZBA's Decision

In Count IV, plaintiff asserts that the Township violated the Michigan Zoning Enabling Act (Mich. Comp. Laws § 125.3101, et seq.), Am. Compl. ¶¶ 109-12, and in Count V,

plaintiff appeals the ZBA's variance denial. *Id.* ¶¶ 113-16. Defendants argue that if the Court dismisses Counts I-III, Counts IV and V should be dismissed under 28 U.S.C. § 1367(c)(3). But in this case, because Count I is not dismissed in full, the Court has no occasion to dismiss Counts IV and V at this time.

***Conclusion***

For the reasons stated above,

IT IS ORDERED that defendants' motion to dismiss is granted in part as to Count I because plaintiff has standing to challenge the billboard setback and distance requirements (§ 38-409(c) and (d)) and the variance procedure provision (§ 38-412(e)).

IT IS FURTHER ORDERED that defendants' motion to dismiss is granted as to Counts II and III.

IT IS FURTHER ORDERED that defendants' motion to dismiss is denied as to Counts IV and V.

s/Bernard A. Friedman
Dated:   March 25, 2019          Bernard A. Friedman
           Detroit, Michigan       Senior United States District Judge